UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| TEXTRAIL, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Court No. 23-00099 |
| THE UNITED STATES, | ) ) )) | |
| *Defendant.* | ) ) | |

# COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, TexTrail, Inc., ("TexTrail" or "Plaintiff"), by and through its undersigned attorneys, alleges and states as follows:

## ADMINISTRATIVE DECISION TO BE REVIEWED

1. This is an appeal from the final scope determination of the International Trade Administration, U.S. Department of Commerce ("Commerce") in which it found that certain types of trailer wheels manufactured in Thailand and exported to the United Sates are within the antidumping/countervailing duty orders on *Steel Wheels from People's Republic of China. Certain Steel Trailer Wheels 12 to 16.5 Inches from the People's Republic of China*, 84 Fed. Reg. 45952 (Dep't Commerce Sept. 3, 2019) ("*AD/CVD Orders*"). *See* Memorandum from E. Begnal to J. Maeder, re: Final Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand (April 11, 2023) ("Final Scope Ruling"). Commerce issued a final scope determination adverse to the Plaintiff dated April 11, 2023, which was mailed by express mail to Plaintiff and received immediately thereafter.

1

## JURISDICTION

2. Plaintiff brings this action pursuant to Sections 516A(a)(2)(A)(ii) and 516A(a)(2)(B)(vi) of the Tariff Act of 1930, *as amended* (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(ii) and 1516a(a)(2)(B)(vi). Plaintiff contests Commerce's Final Scope Ruling, specifically as applied to Plaintiff. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

3. TexTrail is an interested party to the proceeding under Sections 516A(f)(3) and 771(9)(A) of the Act, codified at 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), respectively. TexTrail is a U.S. importer of the merchandise under review in the contested scope ruling. Specifically, TexTrail participated in the scope review, including submitting information and arguments, and participating in the hearing. TexTrail, therefore, has standing to bring this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4. This action was commenced by the filing of a summons on May 10, 2023, within 30 days of the date of the mailing of the Final Scope Ruling. *See* Summons, ECF No. 1 (May 10, 2023). The thirtieth calendar day after May 10, 2023 falls on June 9, 2023. This Complaint is filed within 30 days of the filing of the summons. In accordance with USCIT R. 3(a)(2), 5(e) and 6(a), and pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c), Plaintiff's Complaint is timely.

## STANDARD OF REVIEW

5. This Court must remand any administrative determination by Commerce which is "unsupported by substantial evidence on the record" as a whole, or is "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

AFDOCS:198284667.5

6. When reviewing whether Commerce's actions are unsupported by substantial evidence, the Court assesses whether the agency action is "unreasonable" given the record as a whole. *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1351 (Fed. Cir. 2006). Substantial evidence represents "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *DuPont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

7. When reviewing Commerce's statutory interpretations, the Court applies the two-part framework set forth in the Supreme Court's opinion in *Chevron*. *Union Steel v. United States*, 713 F.3d 1101, 1106–07 (Fed. Cir. 2013) (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 842–43 (1984)). Under *Chevron*, to determine whether an agency's interpretation of the statute is entitled to deference, the Court conducts a two-part test. Under the first prong of this test, where Congress has spoken directly to the question at issue, the Court and the agency must give effect to the unambiguously expressed intent of Congress. *See* 467 U.S. at 842–43. If, however, the statute is vague or silent on an issue, the Court upholds the agency's interpretation provided that the interpretation is reasonable. *See id*. at 843.

8. This Court has found Commerce's determinations unlawful "where Commerce has failed to carry out its duties properly, relied on inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions." *Rhone-Poulenc, Inc. v. United States*, 20 CIT 573, 575, 927 F. Supp. 451, 454 (1996); *see also Asociacion Colombiana de Exportadores de Flores, v. United States*, 22 CIT 173, 185, 6 F. Supp. 2d 865, 880 (1998).

## **STATEMENT OF FACTS**

9. On November 10, 2020, Asia Wheel Co., Ltd. ("Asia Wheel") requested Commerce to conduct a scope ruling inquiry to determine whether certain types of trailer wheels that it manufactures in its facilities in Thailand and exports to the United States are covered by

AFDOCS:198284667.5

the scope of the *AD/CVD Orders*. Letter from Asia Wheel Co., Ltd. to Hon. Wilbur L. Ross, Jr., re: Request for Scope Ruling for Asia Wheel's Steel Trailer Wheels (Nov. 10, 2020) ("Asia Wheel Scope Request"). In the scope ruling request, Asia Wheel identified wheels manufactured by three distinct production methods as follows:

>  **Method A**: Trailer wheels manufactured using discs from China and rims produced in Thailand from rectangular steel plates from China or a third country.
>
> **Method B**: Trailer wheels manufactured using discs produced in Thailand from circular steel plates from China or a third country and rims produced in Thailand from rectangular steel plates from China or a third country.
>
> **Method C**: Dual wheels manufactured using discs produced in Thailand from discs blanks from China and rims from China.

*Id.* at 6-7.

10. On December 17, 2020, Commerce received from U.S. Customs and Border Protection ("CBP") a covered merchandise referral pertaining to CBP's Enforce and Protect Act ("EAPA") Investigation No. 7459. The EAPA Investigation involved imports of steel wheels made by TexTrail. Specifically, CBP requested that Commerce issue a determination as to whether certain types of trailer wheels produced in Thailand from inputs sourced from China (either the rim or disc component is sourced from China and the corresponding rim or disc component is produced in Thailand, which may or may not involve using inputs sourced from China). The covered merchandise referral specified that the products at issue were those specified in the Asia Wheel scope ruling request.

4

AFDOCS:198284667.5

11. On February 19, 2021, Commerce published the notice of the covered merchandise referral. *Certain Steel Wheels 12 to 16.5 Inches in Diameter From the People's Republic of China: Notice of Covered Merchandise Referral*, 86 Fed. Reg. 10245 (Dep't Commerce Feb. 19, 2021). In the notice, Commerce explained that because the covered merchandise referral requests a determination on merchandise identified in a previously submitted scope ruling request, it will address the covered merchandise referral and Asia Wheel's scope ruling request in the ongoing scope segment of the antidumping ("AD") and countervailing duty ("CVD") proceedings. *Id.* at 10246.

12. On March 22, 2021, Commerce initiated a formal scope inquiry pursuant to 19 C.F.R. § 351.225€. Letter from B. Quinn to All Interested Parties, re: Initiation of Asia Wheel Scope Inquiry (Mar. 22, 2021).

13. Plaintiff is a U.S. importer of subject merchandise covered by the Commerce's scope ruling proceeding. Plaintiff entered an appearance in the scope ruling proceeding on December 16, 2020 and participated in the scope ruling proceeding.

14. The scope of the *AD/CVD Orders* pertaining to trailer wheels produced in a third country is as follows:

> The scope includes rims, discs, and wheels that have been further processed in a third country, including, but not limited to, the painting of wheels from China and the welding and painting of **rims and discs** from China to form a steel wheel, or any other processing that would not otherwise remove the merchandise from the scope of the orders if performed in China.

*See AD/CVD Orders*, 84 Fed. Reg. at 45954 (emphasis added).

15. In the original AD/CVD investigations, petitioner Dexstar Wheel Division of Americana Development, Inc. ("Dexstar" or the "petitioner") requested that Commerce revise the

5
AFDOCS:198284667.5

scope to cover steel wheels assembled in a third country when either the "rims or discs" are produced in China.

16. In the final scope decision memorandum in the original AD/CVD investigations, Commerce rejected petitioner's position and explained that the scope language "explicitly identified both rims **and** discs and the record is otherwise absent of any language supporting the assertion that the intent of this language was to cover instances of third country assembly where only one such constituent part is present." *See* Letter from Importers to Hon. G. Raimondo, re: Importers' Response to Request for Information at Exh. 1 (Aug. 30, 2021) ("Joint RFI Response"), attaching Memorandum from E. Begnal to J. Maeder, re: Final Scope Decision Memorandum for the Final Antidumping Duty and Countervailing Duty Determinations at 22 (Cmt 3) (July 1, 2019), ("Final INV Scope Memo").

17. Commerce then found that "the existing language sufficiently conveys the concept that third-country processing of a steel wheel must be of **rims and discs** produced in China." *See* Final INV Scope Memo at 23 (Cmt 3) (emphasis added).

18. On August 30, 2021, Plaintiff and other importers, including Lionshead Specialty Tire and Wheel, LLC ("Lionshead') and TRAILSTAR LLC (collectively, the "Importers") filed a joint response to Commerce's request for information in the scope proceeding. Specifically, Importers explained that Commerce has already determined in the original AD/CVD investigations that trailer wheels produced in a third country from Chinese discs or rims are outside the scope of the *AD/CVD Orders*. *See* Joint RFI Response.

19. Further, in the joint response, Importers provided additional information establishing that the Chinese discs were substantially transformed into steel trailer wheels by Asia wheel in Thailand. Joint RFI Response at 7 – 9.

6

20. On August 22, 2022, Commerce issued its Preliminary Scope Ruling, finding that trailer wheels that Asia Wheel manufactures in its facilities in Thailand and exports to the United States pursuant to Method B are outside the scope of the *AD/CVD Orders*, whereas the trailer wheels that Asia Wheels manufactures in its facilities in Thailand and exports to the United States pursuant to Methods A and C are subject to the *AD/CVD Orders*. Memorandum from E. Begnal to J. Maeder, re: Preliminary Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand at 15, 21 (Aug. 25, 2022) ("Prelim. Scope Ruling").

21. On September 21, 2022, Importers filed a joint case brief contesting Commerce's preliminary scope ruling with respect to production methods A and C. Specifically, Importers argued that Commerce preliminary scope ruling contradicts Commerce's consideration of wheels produced in third countries consisting of "rims or discs" from China in the original investigations and is contrary to the plain language of the scope. Importers' Case Brief and Hearing Request at 3-6 (Sept. 21, 2022) ("Importers' Case Br.").

22. Further, Importers argued that the preliminary scope ruling failed to consider the plain language of the scope and thus erroneously conducted a substantial transformation analysis in the scope inquiry. *Id.* at 6-7.

23. Importers next argued that in the event that Commerce continues to find that wheels assembled in a third country using either rims or discs from China are covered by the *AD/CVD Orders*, the suspension of liquidation should commence no earlier than the date of the preliminary scope ruling on which Importers received notice. *Id.* at 8-12.

24. Finally, Importers argued that only the Chinese-origin components of the subject merchandise assembled in a third country should be subject to AD/CVD liabilities. *Id.* at 12-16.

7

25. On April 11, 2023, Commerce issued its Final Scope Ruling, finding that Asia Wheel's steel wheels manufactured under production methods A or C are covered by the scope of the *AD/CVD Orders*. Commerce found that the "plain language of the scope is ambiguous as to the status of finished wheels processed in a third country from a mix of one wheel component sourced from China and one component originating from a third country," therefore it is appropriate to apply a substantial transformation analysis to determine the country of origin for Asia Wheels's steel wheels manufactured under production methods A and C. Final Scope Ruling at 14, 15 (Cmt. 1).

26. Next, Commerce found that Asia Wheel's finished wheels processed in Thailand under production methods A and C are not substantially transformed such that the third-country processing confers country of origin based on the totality of circumstances. *Id*. at 26 (Cmt. 2).

27. Commerce stated that it "intend{ed} to instruct CBP to continue the suspension of liquidation for products found to be covered by the scope of the *Orders* if already suspended, and if liquidation of entries of such products is not already suspended, {it} intend{ed} to instruct CBP to suspend liquidation of entries of products found to be covered by the scope of the *Orders* effective to the date we initiated upon Asia Wheel's scope request." *Id.* at 40 (emphasis added).

28. Finally, Commerce determined that the AD/CVD liabilities apply to finished trailer wheels that are the result of the third-country processing, regardless of whether components thereof are otherwise covered by the scope. *Id.* at 47-48 (Cmt. 5).

## STATEMENT OF CLAIMS

### COUNT I

29. The facts and allegations contained in paragraphs 1 through 28 are restated and incorporated herein by reference.

AFDOCS:198284667.5

30. The plain language of the scope is clear that wheels made in a third country from rims or discs from China are outside the scope of the *AD/CVD Orders*. In the original AD/CVD investigations, Commerce had rejected petitioner's proposed revision to the scope language by including wheels assembled in a third country using either rims or discs from China. Final INV Scope Memo at Cmt. 3. Commerce stated that it "previously understood the scope language to mean what it expressly states – that both constituent parts {the disc and rim} are covered under the scope." Final INV Scope Memo at 24 (Cmt. 3).

31. Commerce Final Scope Ruling now expands the scope to include trailer wheels assembled in a third country using either discs or rims produced in China. Commerce's Final Scope Ruling contradicts the plain meaning of the scope and Commerce's previous scope determination and unlawfully expands the scope. Therefore, the Final Scope Ruling is unsupported by substantial evidence and is not otherwise in accordance with law.

## COUNT II

32. The facts and allegations contained in paragraphs 1 through 31 are restated and incorporated herein by reference.

33. The U.S. Court of Appeals for the Federal Circuit ("CAFC") has found that suspension of liquidation is impermissible prior to the date on which parties were given reasonable notice that the merchandise in question could be subject to AD/CVD liabilities. *Tai-Ao Aluminum (Taishan) Co. v. United States*, 983 F.3d 487, 495 (Fed. Cir. 2020).

34. In *Trans Texas Tire, LLC v. United States*, 519 F. Supp. 3d 1275, 1287-88 (Ct. Int'l Trade 2021), *aff'd after remand*, 545 F. Supp. 3d 1374 (Ct. Int'l Trade 2021), the Court invalidated Commerce's retroactive assessment of AD/CVD duties on trailer wheels pursuant to the *AD/CVD Orders* at issue in this scope proceeding from the date of the preliminary determinations. The Court held that retroactively assessing duties where importers received

9

inadequate notice of their products' inclusion in the scope of an AD/CVD investigation would be unfair. *Id*.

35. Here, Plaintiff relied on the plain language of the scope and did not have a fair warning that its steel wheels imported from Thailand using either rims or discs from China were covered by the scope of the *AD/CVD Orders* until Commerce issued its preliminary scope determination.

36. Importers of Method A Wheels or Method C Wheels lacked adequate notice that these wheels were potentially subject to the *AD/CVD Orders* until issuance of Commerce's preliminary scope ruling (August 25, 2022) or, at the earliest, when Commerce initiated the scope inquiry (March 22, 2021).

37. Therefore, Commerce's determination to continue suspension of liquidation if liquidation of such entries is already suspended before issuance of Commerce's preliminary scope ruling (August 25, 2022) or, at the earliest, when Commerce initiated the scope inquiry (March 22, 2021), and retroactive assessment of AD/CVD liability to such entries, is unsupported by substantial evidence and is not otherwise in accordance with law.

## COUNT III

38. The facts and allegations contained in paragraphs 1 through 37 are restated and incorporated herein by reference.

39. The scope of the *AD/CVD Orders* provides that "if the steel wheels or rims are imported as an assembly with a tire mounted on the wheel or rim and/or with a valve stem attached, the tire and/or valve stem is not covered by the scope." *AD/CVD Orders*, 84 Fed. Reg. at 45954. The scope makes clear that AD/CVD liabilities do not apply to components not otherwise subject to the *AD/CVD Orders*.

AFDOCS:198284667.5

40. Commerce should have limited AD/CVD liabilities to the value of the Chinese component, not the entire trailer wheels assembled in a third country. Therefore, Commerce's Final Scope Ruling is unsupported by substantial evidence and is not otherwise in accordance with law.

## COUNT IV

41. The facts and allegations contained in paragraphs 1 through 40 are restated and incorporated herein by reference.

42. Commerce unreasonably determined – based on a "substantial transformation" analysis – that China is the country of origin for AD/CVD purposes of the Method A Wheels and Method C Wheels manufactured by Asia Wheel in Thailand. With respect to Method A Wheels, Commerce unreasonably concluded that Chinese-origin discs did not undergo substantial transformation when Asia Wheel used them to manufacture trailer wheels in Thailand. Similarly, with respect to Method C Wheels, Commerce unreasonably concluded that Chinese-origin rims did not undergo substantial transformation when Asia Wheel used them to manufacture trailer wheels in Thailand. Commerce's "substantial transformation" analysis is fundamentally flawed, because Commerce disregarded the finished products – trailer wheels – imported into the United States. Commerce's determination that China is the country of origin for the Method A Wheels and Method C Wheels manufactured in Thailand is unsupported by substantial evidence and otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

(a) Hold that Commerce's Final Scope Ruling was not in accordance with law or

11
AFDOCS:198284667.5

unsupported by substantial record evidence with respect to the claims advanced by Plaintiff in this Complaint;

(b)      Remand the Final Scope Ruling to Commerce for determination consistent with the opinion of this Court; and

(c)      Grant such additional relief as the Court may deem just and proper.

**s/ Nancy A. Noonan**
Nancy A. Noonan
Yun Gao
Leah N. Scarpelli

ArentFox Schiff LLP
1717 K Street, N.W.
Washington, DC 20006-5344
Telephone: (202) 857-6479

*Counsel for TexTrail, Inc.*

Dated: June 9, 2023

AFDOCS:198284667.5